**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re:<br><br>MAVERIX LLC,<br><br>Debtor. | ) | Case No. 26-16423-MER<br><br>Chapter 11 |
| COOPERREILLY INVESTMENT FUND, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAVERIX LLC,<br><br>Defendant. | ) | Adv. No. ____________________ |

## COMPLAINT

Plaintiff CooperReilly Investment Fund, LLC ("**CR**"), by and through undersigned counsel, files this Complaint against Defendant Maverix LLC (the "**Debtor**") under Rules 7001(b) and (*i*) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for determinations and declaratory judgment as to extent of the Debtor's interest in certain assets sold prepetition by the Debtor to CR and whether such assets are property of the Debtor's estate under section 541(a) of title 11 of the United States Code (the "**Bankruptcy Code**"),[1] and states as follows:

## PRELIMINARY STATEMENT

After defaulting on more than $7 million in loans to CR, the Debtor, through a state court-appointed receiver, sold certain assets to CR through an asset purchase agreement which closed

[1] All references to a section or chapter are to the Bankruptcy Code unless otherwise stated.

three days prior to the Debtor filing for bankruptcy. CR now seeks a determination that the assets it acquired prepetition are not property of the Debtor's bankruptcy estate under section 541(a).

## JURISDICTION AND VENUE

1. This is a proceeding arising under Bankruptcy Rules 7001(b) and (i) as it is a proceeding to determine the validity, priority, or extent of a lien or other interest in property and to obtain declaratory judgment related to a proceeding under Bankruptcy Rule 7001(b).

2. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado pursuant to D.C.Colo.LCivR 84.1(a).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this proceeding arises under and in connection with a case pending in this district.

4. Plaintiff consents to entry of final orders or judgments by the Court.

5. The Debtor consents to entry of final orders or judgments by the Court.

## PARTIES

6. The Debtor is a Colorado limited liability company, which filed a voluntary petition for relief under chapter 11 on August 31, 2026 commencing the above-captioned bankruptcy case (the "**Bankruptcy Case**").

7. CR is a Georgia limited liability company, which holds a secured claim against the Debtor, and which asserts an interest to alleged property of the Debtor's estate.

## GENERAL ALLEGATIONS

**A. CR's Loan to the Debtor.**

8. Maverix Broadband, Inc. ("**MXBB**," and with the Debtor, the "**Borrowers**") provides broadband services to customers in Douglas and Elbert Counties.

9. MXBB is the Debtor's wholly-owned subsidiary.

10. The Debtor owns the real property commonly known as 3144 County Road 186, Parker, Colorado 80138 (the "**Property**").

11. On March 22, 2024, CR and the Borrowers entered into that certain Loan and Security Agreement (as amended or modified, the "**Agreement**").

12. Pursuant to the Agreement, CR agreed to loan $6,352,500.00 to the Borrowers.

13. On May 29, 2024, CR and the Borrowers amended the Agreement to increase the total principal amount to $7,933,446.57.

14. The Borrowers secured their obligations under the Agreement by pledging all of their personal property as collateral (collectively, the "**Collateral**").

15. CR perfected its liens against the Collateral by filing a UCC-1 financing statements with the Colorado Secretary of State on March 26, 2024 at Validation Nos. 20242027000 (the Debtor) and 20242027001 (MXBB).

**B. The Borrowers Defaulted on the Agreement and Two Forbearance Agreements.**

16. On January 16, 2025, an Event of Default occurred under the Agreement due to the failure to make a payment of principal on the Maturity Date.

17. On June 24, 2025, CR and the Borrowers entered into that certain Forbearance Agreement to Loan and Security Agreement and Secured Promissory Note (the "**First Forbearance Agreement**").

18. Pursuant to the First Forbearance Agreement, CR agreed to forbear from pursuing its remedies under the Agreement provided that, in relevant part, the Borrowers secured the sale of all or substantially all of their assets in an amount to satisfy the Loan Amount in full on or before August 15, 2025.

19. The Borrowers defaulted under the First Forbearance Agreement.

20. The Borrowers failed to secure a sale of all or substantially all of their assets in an amounts to satisfy the Loan Amount on or before August 15, 2026.

21. On October 14, 2025, CR and the Borrowers entered into that certain Second Forbearance Agreement to Loan and Security Agreement and Secured Promissory Note dated October 14, 2025 (the "**Second Forbearance Agreement**").

22. CR conditioned forbearance under the Second Forbearance Agreement on the Borrowers agreeing to a strictly-defined "**Sale Process**" and "**Bid Procedure**" (as defined under the Second Forbearance Agreement) and the appointment of an ex parte receiver over the Borrowers to, amongst other things, "administer and conclude the sale of any or all of the Collateral pursuant to the Sale Process."

23. On October 17, 2025, and as required under the Second Forbearance Agreement, the Borrowers disseminated the Bid Procedures.

24. The Borrowers did not receive any Qualified Bids (as defined in the Bid Procedures) by the December 5, 2025 deadline.

25. On December 11, 2025, CR timely submitted to the Borrowers its asset purchase agreement.

26. On December 12, 2025, the Borrowers informed CR that it refused to conclude the Sale Process and that they would attempt to close a deal with a third party.

27. The Second Forbearance Agreement expired by its terms on December 12, 2025.

**C. The State Court Appoints the Receiver.**

28. On January 13, 2026, CR initiated an action against the Borrowers and Viath, Inc. in the District Court for the City and County of Denver, Colorado (the "**State Court**") in the action styled, *CooperReilly Investment Fund, LLC v. Maverix LLC, et al.*, No. 2026CV30150 (Colo. Dist. Ct. Denver Cty. Jan. 13, 2026) (the "**State Court Action**").

29. In the State Court Action, CR asserts claims for, among other things, breach of contract and the appointment of a receiver to conclude the Sale Process.

30. On January 13, 2026, CR filed its *Verified Motion for Ex Parte Appointment of Receiver* in the State Court Action.

31. On January 22, 2026, the State Court entered its *Order Granting Verified Motion for Ex Parte Appointment of Receiver* (the "**Receivership Order**"), appointing Sonoran Capital Advisors (the "**Receiver**") as receiver over the Borrowers and their property. A copy of the Receivership Order is attached at Exhibit 1.

32. Among other things, the Receivership Order authorized the Receiver to "operate the Receivership Property" and "administer and conclude the Sale Process (as defined in the Second Forbearance Agreement) . . . subject to the Receiver's business judgment, including, without limitation, executing and, if necessary, negotiating changes to, amending, or modifying the APA." Ex. 1, ¶¶ 10, 11(r).

**D. The Receiver Consummates the APA Pursuant to the Consummation Order.**

33. On May 8, 2026, the Receiver filed its *Motion to Approve and Consummate Asset Purchase Agreement* (the "**Consummation Motion**"), seeking to approve and consummate the

asset purchase agreement attached at Exhibit to the Consummation Motion (the "**APA**"). A copy of the APA is attached at Exhibit 2.

34. The APA clearly states which of the Borrowers' assets would be sold to CR (i.e., the "**Acquired Assets**") as well as those which would be retained by the Borrowers (i.e., the "Excluded Assets"). *See* Ex. 2 at 2–3.

35. On August 27, 2026, the State Court held a hearing on the Consummation Motion.

36. On August 28, 2026, the State Court entered its *Order Granting Receiver's Motion to Approve and Consummate Asset Purchase Agreement* (the "**Consummation Order**"). A copy of the Consummation Order is attached at Exhibit 3.

37. Pursuant to the Consummation Order, the State Court directed the Receiver to "sell, transfer, and assign the Acquired Assets, excluding the Excluded Assets, to Plaintiff CooperReilly Investment Fund, LLC or its assignee . . . under the APA," "take all actions necessary to consummate and perform under the APA," and "sign the APA and ancillary documents on behalf of the Borrowers." Ex. 3, ¶ 3.

38. On August 28, 2026, following entry of the Confirmation Order, the Receiver and CR closed on the sale of the Acquired Assets.

39. On August 28, 2026, the Receiver executed that certain Receiver's Bill of Sale (the "**Bill of Sale**"). A copy of the Bill of Sale is attached at Exhibit 4.

40. On August 28, 2026, the Receiver and CR executed that certain Perpetual, Irrevocable, Royalty-Free License and Indefeasible Right to Use Agreement (the "**IRU**"). A copy of the IRU is attached at Exhibit 5.

41. Upon the closing of the sale of the Acquired Assets, CR acquired legal title to and became the owner of the Acquired Assets.

42. Upon the closing of the sale of the Acquired Assets, the Debtor's estate consists solely of the Property.

**E. The Debtor Files for Bankruptcy Protection.**

43. On August 31, 2026, three days after the closing of the sale of the Acquired Assets, the Debtor filed a voluntary petition for relief under chapter 11.

44. The Debtor has not filed its schedules and statements, but has maintained it owns the Acquired Assets.

**CLAIM FOR RELIEF**
**(Declaratory Judgment as to Property of the Debtor's Estate Pursuant to Fed. R. Bankr. P. 7001(b) and (i))**

45. CR incorporates by this reference the allegations contained in paragraphs 1 through 44 above as though more fully set forth in this Claim for Relief.

46. Pursuant to the Consummation Order and the closing of sale under the APA, on August 28, 2026, CR acquired legal title to and became the owner of all rights, title, and interests in the Acquired Assets.

47. Section 541(a) provides, in part, that a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."

48. As of the petition date, the Debtor had no legal or equitable interests in the Acquired Assets.

49. The property of the Debtor's estate consists solely of the Property.

50. The Debtor asserts an interest in the Acquired Assets.

51. The Debtor maintains the Receiver and CR did not close on the sale of the Acquired Assets, and that "the vast majority of what [the Receiver holds] is Maverix LLC's."

52. Because the Debtor claims it retains an interest in some or all of the Acquired Assets

sold to CR prior to the petition date pursuant to the Consummation Order and APA, there exists an actual controversy as to the rights and interests of the parties.

53. Pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001(*i*), CR seeks declaratory relief and a determination that the Acquired Assets are not property of the Debtor's bankruptcy estate under section 541(a).

54. The issuance of a declaratory judgment will settle this issue and afford the parties relief from uncertainty and insecurity with regards to the ownership of the Acquired Assets and the exclusion of those assets from the Debtor's bankruptcy estate.

WHEREFORE, CR respectfully requests the Court enter (i) declaratory judgment in its favor determining that (a) the Debtor does not have any rights, title, or interest in the Acquired Assets, (b) the Acquired Assets are not property of the Debtor's estate under section 541(a), and (c) the Debtor's estate consists solely of the Property; and (ii) grant any other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 18, 2026

*<u>/s/ Patrick R. Akers</u>*

Matthew T. Faga (41132)
Patrick R. Akers (54803)
Benjamin Wieck (59208)
MARKUS WILLIAMS LLC
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
mfaga@markuswilliams.com
pakers@markuswilliams.com
bwieck@markuswilliams.com

*Counsel for CR*